Dear Mr. Wold:
You have requested the opinion of this office concerning the publication of minutes of meetings of the Board of Directors ("Board") of the Jackson Parish Ambulance Service District ("JPASD"). The Jackson Parish Police Jury ("Police Jury") has asked the Board to ensure that the minutes of each Board meeting are published in the official journal within the ten-day deadline set forth by La.R.S. 43:144, which reads as follows:
§ 144. Penalty for failure to have proceedings published
The official of any municipal corporation, police jury or school board by law responsible for the preparing and recording of the official proceedings who, within ten days from the date of any meeting at which the official proceedings were had, willfully neglects or fails to furnish the official journal with a copy of the minutes, ordinances, resolutions, budgets, and proceedings for publication, shall be fined not less than twenty five dollars nor more than five hundred dollars, or be imprisoned for not less than ten days nor more than six months, or both.
La.R.S. 43:144. The Board is concerned that compliance with the ten-day deadline may result in the publication of minutes that have yet to be reviewed and formally adopted by the Board, and therefore may be inaccurate. As such, you have asked us to consider the legal implications associated with publication of unofficial board meeting minutes. *Page 2 
In answer to your specific question, this office has previously issued an opinion that the publication of minutes of meetings by entities subject to La.R.S. 43:144 "should be made in the official journal within ten days after the meeting at which any such proceedings are had." La.Atty.Gen.Op. 1944-46, pp. 712 at 713. In that opinion, the Police Jury of Calcasieu Parish likewise asked whether it had to publish minutes of its meetings within ten days, since the minutes of the last monthly meeting were approved at the next monthly meeting. This office reasoned that any delay in publication would frustrate the very purpose of prompt publication, which was to timely notify the public of actions taken at the meeting:
[T]he object of Act 156 of 1940 [now La.R.S. 43:144] in requiring publication of all official proceedings of police juries, municipal corporations and school boards within ten days after such proceedings are had, would be defeated if such publication were postponed until after the next ensuing meeting. The object is to apprise the public of the action just taken in order that protest may be made, in proper cases, before it becomes too late. Postponement of publication until final approval of the minutes one month later might serve to defeat the purposes of the act.
Id. at 712. That opinion also directly addresses your concerns about publication of unofficial minutes when it observed that, "[a]fter all, any corrections made at a later meeting would appear in the minutes of this subsequent meeting." Id. at 712-13. Any purported implications of publication of unofficial meeting minutes do not outweigh the public's interest in timely notice of actions taken at the meeting.
By its terms, however, La.R.S. 43:144 does not appear to apply to the JPASD, since it only applies to the minutes of official proceedings of "any municipal corporation, police jury or school board." La.R.S. 43:144. Furthermore, La.R.S. 43:144 falls under Part I of Chapter 4, Title 43, entitled "Official Journal of Parishes, Municipalities and School Boards." Part II of that same Chapter is entitled "Official Journal of Other Political Subdivisions," and contains the following statute:
§ 171. Selection of newspaper
A. (1) Levee, drainage, subdrainage, road, subroad, navigation, and sewerage districts, or other political subdivisions of the state and parishes, shall have the proceedings of their board and such financial statements required by and furnished to the legislative auditor published in a newspaper. . . . *Page 3 
La.R.S. 43:171 (emphasis added). The JPASD is a political subdivision of the state pursuant to La.R.S. 33:9058, as well as the ordinance establishing the JPASD. See also
La.Atty.Gen.Op. 08-0130. It is the opinion of this office that the JPASD is counted among the "other political subdivisions" governed by La.R.S. 43:171, which sets forth no time limit for publication. The ten-day time limit set forth in La.R.S. 43:144 therefore does not apply to the publication of minutes of meetings of the Board of Directors of the Jackson Parish Ambulance Service District.
We trust that this opinion adequately responds to your request, and thank you for the opportunity to be of service. If you have any questions or comments, please do not hesitate to contact our office.
Sincerely yours, JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL BY: __________________________ Charles W. Belsom, Jr. Assistant Attorney General JDC:CWB:Irs